IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **PAUL LEWIS ROBINSON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **NO. 3:22-CV-00021-CAR-CHW** |
| **VS.** | : | |
| | : | |
| **JOHN AND/OR JANE DOES,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER OF DISMISSAL

*Pro se* Plaintiff Paul Lewis Robinson, an inmate incarcerated at the Walton County Jail in Monroe, Georgia, filed a complaint seeking relief pursuant 42 U.S.C. § 1983.  ECF No. 1.  Plaintiff seeks leave to proceed *in forma pauperis*.  ECF No. 2.  However, Plaintiff has three strikes under the Prison Litigation Reform Act, so he may not proceed *in forma pauperis*.  Leave to proceed *in forma pauperis* is therefore **DENIED** and his claim is **DISMISSED without prejudice** as explained herein.

### I.  DISMISSAL PURSUANT TO 28 U.S.C. § 1915(g)

Under 28 U.S.C. § 1915(g), a prisoner is barred from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

This is known as the "three strikes provision."  A prisoner incurs a "strike" any time

he has a federal lawsuit or appeal dismissed on the grounds that it is (1) frivolous, (2) malicious, or (3) fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render a dismissal a strike"). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Medberry*, 185 F.3d at 1192.

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed multiple federal lawsuits and that at least three of his complaints have been dismissed as frivolous, or malicious, or for failure to state a claim. *See, e.g., Robinson v. Alcovy Judicial Circuit*, Case No. 3:17-cv-00113-CDL-CHW (M.D. Ga. Apr. 23, 2018) (dismissed for failure to state a claim); *Robinson v. Smith*, Case No. 3:20-cv-00067-CAR-CHW (M.D. Ga. Nov. 2, 2020) (dismissed for failure to state a claim); *Robinson v. Judge Ott*, Case No. 3:20-cv-00058-CDL-CHW (M.D. Ga. Apr. 15, 2021) (dismissed for failure to state a claim). Furthermore, Plaintiff has been identified as having three strikes in Case No. 3:22-cv-13-CAR-CHW, *Robinson v. Holley* (M.D. Ga. Feb. 8, 2022) and Case No. 3:22-cv-16-CAR-CHW, *Robinson v. Minton* (M.D. Ga. Feb. 9, 2022). Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

2

To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 Fed. App'x 278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted).  Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193.  Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998).

Plaintiff states that he "was thrown to floor outside of cell 12 head hit floor- no medical even though [he] asked several times".  ECF No. 1 at 5.  Plaintiff further claims that he "was walking away from officer and once down handcuffed too tight would not loosen".  Id. at 5-6.  When asked to describe his injuries, Plaintiff writes "don't know/ medical denied" and also "headaches pain in knee and back".  Id. at 6.

Nowhere in Plaintiff's complaint does he provide any specific facts suggesting that he is in imminent danger of suffering any serious physical injury. As such, Plaintiff will not be permitted to proceed *in forma pauperis* pursuant to § 1915(g). When the district court denies a prisoner leave to proceed *in forma pauperis* pursuant to § 1915(g), then the complaint is subject to dismissal.  *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the  three strikes provision of § 1915(g)."); *see also Simmons v. Zloch*, 148 F. App'x 921, 922 (11th Cir. 2005) (citing to *Dupree* in affirming denial of

3

*in forma pauperis* motion and dismissing complaint under § 1915(g)).

## II.   DISMISSAL PURSUANT TO <u>28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(i).</u>

When specifically asked to identify the Defendant(s) to his lawsuit, Plaintiff lists "names provided later as restricted access because of lockdown". ECF No. 1 at 2. In the caption of his complaint in the space provided to list Defendant(s), Plaintiff writes "tower 3 day shift on or about 10 Feb 22 name provide later as I am on lockdown". *Id*. at 1.

To the extent Plaintiff seeks to initiate civil rights claims against unidentified Defendants, Plaintiff has not provided enough detail to state a claim upon which relief may be granted. As a general rule, "fictitious party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam). The one exception to this rule is when the plaintiff's description of the defendant is so specific that the party may be identified for service even though his actual name is unknown. *See id.* (citing *Dean v. Barber*, 951 F.2d 1201, 1215-16 (11th Cir. 1992)). Therefore, to proceed against an unnamed defendant, a plaintiff must provide a "description of some kind which is sufficient to identify the person involved so that process can be served." *Dean*, 951 F.2d at 1216 (internal quotation marks omitted).

Here, Plaintiff does not provide any description whatsoever of these unknown Defendants nor does he tie a specific Defendant to a particular constitutional violation. Thus, Plaintiff's claims as to the unknown Defendants are subject to dismissal. *See Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissal of defendants

appropriate where plaintiff failed to allege facts associating defendants with a particular constitutional violation); *Richardson*, 598 F.3d at 738 (dismissal of claim appropriate where "the description in [plaintiff's] complaint was insufficient to identify the defendant among the many guards employed at [the prison]").  Accordingly, Plaintiff's claim is further subject to dismissal for failure to state a claim for which relief may be granted.

### III. CONCLUSION

For the foregoing reasons, Plaintiff may not proceed *in forma pauperis* and this action is **DISMISSED without prejudice.**  If Plaintiff wishes to bring a new civil rights action, he may do so by submitting a new complaint form and paying the full $402.00 filing fee at the time of filing his complaint.

**SO ORDERED**, this 17th day of February, 2022.

s/C. Ashley Royal
**C. Ashley Royal, Judge**
**United States District Court**